Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 200413-77385
DATE: October 29, 2021

ORDER

Entitlement to a compensable rating for herpes from January 12, 2020, to March 30, 2020, is denied.

FINDING OF FACT

The Veteran's herpes is not shown to have been manifested by at least 5 percent, but less than 20 percent, of the entire body, or at least 5 percent, but less than 20 percent, of exposed areas affected; or to have required intermittent systemic therapy such as with corticosteroids or other immunosuppressive drugs for a total duration of less than six weeks during a 12-month period. 

CONCLUSION OF LAW

The criteria for a compensable disability rating for herpes have not been met. 38 U.S.C. §§ 1155, 5107 (2018); 38 C.F.R. §§ 4.1, 4.3, 4.118, Diagnostic Code (DC) 7820 (2021).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1987 to July 1990.

The rating decision on appeal was issued in March 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. The Veteran timely appealed this AMA rating decision to the Board and requested Direct Review of the evidence considered by the Agency of Original Jurisdiction (AOJ). Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301.

Evidence was added to the claim file during a period of time when new evidence was not allowed. As the Board is deciding this claim, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision. In this regard, the Board further notes that the Veteran filed additional Supplemental Claims as to the rating for herpes in April 2020 and March 2021. As such, additional evidence submitted has been considered during the course of the adjudication of those claims.

Entitlement to a compensable rating for herpes from January 12, 2020, to March 30, 2020, is denied.

The Veteran contends that he is entitled to a compensable rating for his service-connected herpes, which is currently rated under DC 7820, which requires evaluation under the General Rating Formula for the Skin. 

Under this formula, a noncompensable rating is assigned for no more than topical therapy required over the past 12-month period and at least one of the following: characteristic lesions involving less than 5 percent of the entire body affected; or characteristic lesions involving less than 5 percent of exposed areas affected. 

 A 10 percent rating is assigned for at least one of the following: characteristic lesions involving at least 5 percent, but less than 20 percent, of the entire body affected; or at least 5 percent, but less than 20 percent, of exposed areas affected; or intermittent systemic therapy including, but not limited to, corticosteroids, phototherapy, retinoids, biologics, photochemotherapy, PUVA, or other immunosuppressive drugs required for a total duration of less than 6 weeks over the past 12-month period. 

A 30 percent rating is assigned at least one of the following: characteristic lesions involving more than 20 to 40 percent of the entire body or 20 to 40 percent of exposed areas affected; or systemic therapy including, but not limited to, corticosteroids, phototherapy, retinoids, biologics, photochemotherapy, PUVA, or other immunosuppressive drugs required for a total duration of 6 weeks or more, but not constantly, over the past 12-month period. 

A 60 percent rating is assigned for at least one of the following: characteristic lesions involving more than 40 percent of the entire body or more than 40 percent of exposed areas affected; or constant or near-constant systemic therapy including, but not limited to, corticosteroids, phototherapy, retinoids, biologics, photochemotherapy, psoralen with long-wave ultraviolet-A light (PUVA), or other immunosuppressive drugs required over the past 12-month period. Or rate as disfigurement of the head, face, or neck (DC 7800) or scars (DCs 7801, 7802, 7803, 7804, or 7805), depending on the predominant disability. 38 C.F.R. § 4.118, General Rating for the Skin for DCs 7806, 7809, 7813-7816, 7820-7822, and 7824.

VA regulations explicitly state that systemic therapy is treatment that is administered through any route other than the skin, and topical therapy is treatment that is administered through the skin. 38 C.F.R. § 4.118(a).

The Board finds that the preponderance of the evidence is against the assignment of a compensable evaluation because the Veteran's herpes does not more nearly approximate characteristic lesions involving at least 5 percent, but less than 20 percent, of the entire body affected; or at least 5 percent, but less than 20 percent, of exposed areas affected; or intermittent systemic therapy required for a total duration of less than 6 weeks over the past 12-month period. 

On March 2020 VA skin diseases examination, the Veteran reported that his condition began in 1987 with itching and breakouts. He denied any current outbreaks or symptoms or having been treated with medication in the past 12 months for his herpes. The examiner found no visible characteristic lesions at the time of examination. There were no scars or disfigurement, and no other findings, complications, conditions, signs, or symptoms relating to his herpes.

The Veteran's VA treatment records are silent regarding herpes.

The Board acknowledges that the Veteran believes that the disability on appeal has been more severe than the assigned disability rating reflects. Moreover, the Veteran is competent to report observable symptoms, to include lay reports. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). However, he does not assert, and medical treatment records do not show, that his disability more nearly approximates the criteria for a compensable rating.

The Board has considered whether any other diagnostic codes related to disabilities of the skin would provide for a higher disability evaluation. However, the evidence does not reflect that he would warrant a higher rating under a different diagnostic code. See 38 C.F.R. § 4.118.

In conclusion, the Board finds that the preponderance of the evidence is against the Veteran's claim for a compensable rating for herpes from January 12, 2020, to March 30, 2020. In denying such a rating, the Board finds the benefit of the doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7.

 (Continued on next page)

As the record shows that the Veteran is currently employed, the matter of entitlement to a total disability rating based on individual unemployability (TDIU) is not raised by the record in the context of the increased rating claim.

 

E. I. VELEZ

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board T. Matta, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.